Filed 9/6/13  P. v. Castillo CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**


| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056490 |
| v. | (Super.Ct.No. RIF135543) |
| JESUS ALBERT CASTILLO, | OPINION |
| Defendant and Appellant. | |


APPEAL from the Superior Court of Riverside County.  Bernard Schwartz, Judge.

Affirmed as modified with directions.

Nancy L. Tetreault, under appointment by the Court of Appeal, for Defendant and

Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Senior Assistant Attorney

General, and Peter Quon, Jr., and Seth M. Friedman, Deputy Attorneys General, for

Plaintiff and Respondent.

1

Defendant Jesus Albert Castillo's original sentence required him to pay a $1,000 restitution fine (Pen. Code, § 1202.4) and a $1,000 parole revocation restitution fine (Pen. Code, § 1202.45.)[1] In a previous appeal, we modified various aspects of his conviction and remanded for resentencing. (*People v. Castillo* (Sept. 27, 2011, E051070 [nonpub. opn.].) On remand, the trial court sentenced defendant to pay a $2,000 restitution fine and a $2,000 parole revocation restitution fine. Defendant now contends that the increase violated state double jeopardy principles. (See *People v. Hanson* (2000) 23 Cal.4th 355, 360-367.)

The People concede the double jeopardy violation. They merely argue that defendant's trial counsel forfeited the issue by failing to raise it below.

If defense counsel did *not* forfeit the issue, we can reach it on the merits. But if she *did*, defendant has a slam-dunk claim of ineffective assistance of counsel. Failure to object to a sentence that violates double jeopardy falls below an objective standard of reasonableness; moreover, it is manifestly prejudicial. (See generally *People v. Vines* (2011) 51 Cal.4th 830, 875-876.) And "[i]f, indeed, double jeopardy applied, we can conceive of no legitimate tactical reason for failing to raise it." (*People v. Morales* (2003) 112 Cal.App.4th 1176, 1185 [Fourth Dist., Div. Two].)

---

[1]     Defendant's request for judicial notice of a portion of the reporter's transcript from his previous appeal is granted.

Defendant's opening brief did not raise ineffective assistance of counsel. Nevertheless, we have discretion to reach that issue in order to head off the inevitable habeas petition. (*People v. Holford* (2012) 203 Cal.App.4th 155, 159, fn. 2.)

The sentence is hereby modified by reducing the restitution fine and the parole revocation restitution fine to $1,000 each. The judgment as modified is affirmed. The clerk of the superior court is directed to prepare an amended sentencing minute order and an amended abstract of judgment and to forward a certified copy of the amended abstract to the Director of the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI
J.

We concur:

RAMIREZ
P. J.

KING
J.

3